IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>GLOBAL POWER EQUIPMENT GROUP INC., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 06-11045 (BLS)<br>Jointly Administered<br><br>*(Confirmation Order Appeal)*<br>**D.I. 2240** |

**APPELLANT'S DESIGNATION OF RECORD AND STATEMENT OF ISSUES
PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 8006**

Appellant SNC-Lavalin Power Ontario, Inc. ("SNC"), having filed a Notice of Appeal on December 27, 2007, from the order of the Bankruptcy Court (Shannon, J.), entered on December 21, 2007 (D.I. 2233), which Order entered final judgment confirming the First Amended Joint Chapter 11 Plan of Reorganization for Global Power Equipment Group Inc. and its Affiliated Debtors (the "Plan") proposed by Global Power Equipment Group, Inc. ("GPEG"), its wholly-owned subsidiary Deltak, L.L.C. ("Deltak") and their affiliated debtors and debtors-in-possession (collectively, the "Debtors"), as appellees, overruling the objections of SNC, as Appellant, hereby designates the following items for inclusion in the record on appeal and sets forth a statement of issues to be presented on appeal:

### DESIGNATION OF CONTENT OF RECORD ON APPEAL

#### I.   Bankruptcy Court Pleadings

| **D.I. #** | **Document (filed date)** |
|---|---|
| | SNC Proof of Claim filed against Deltak, Claim No. 1099 (March 24, 2007) |
| | SNC Proof of Claim filed against GPEG, Claim No. 1100 (March 24, 2007) |
| 5 | Debtors' Motion Pursuant to Bankruptcy Rule 1007(c) and Local Rule 1007-1(b) for an Extension of Time to File Schedules of Assets and Liabilities, Schedules of |

{B0712852;1}

1

| | |
|---|---|
| | Executory Contracts and Unexpired Leases, and Statements of Financial Affairs (9/29/2006) |
| 12 | Debtor's Motion Pursuant to 11 U.S.C. §§ 105, 363 and 365 for an Order Authorizing Debtors to (I) Wind Down Operations of the Heat Recovery Steam Generation Business Segment Operated by the Deltak Debtors, (II) Reject Certain Executory Contracts in Connection Therewith, and (III) Implement Procedures for the Orderly Completion of Work in Progress (9/29/2006) |
| 18 | Affidavit of John M. Matheson in Support of First Day Motions and Applications (9/29/2006) |
| 60 | Order Pursuant to Bankruptcy Rule 1007(c) and Local Rule 1007-1(b) Granting Extension of Time to File Schedules of Assets and Liabilities, Schedules of Executory Contracts and Unexpired Leases, and Statement of Financial Affairs (10/3/2006) |
| 64 | Order Granting in Part Debtors' Motion Pursuant to 11 U.S.C. §§ 105, 363 and 365 for an Order Authorizing Debtors to (I) Wind Down Operations of the Heat Recovery Steam Generation Business Segment Operated by the Deltak Debtors, (II) Reject Certain Executory Contracts in Connection Therewith, and (III) Implement Procedures for the Orderly Completion of Work in Progress (10/3/2006) |
| 104 | Notice of Appointment of Committee of Unsecured Creditors (10/10/2006) |
| 131 | Debtors' Motion Pursuant to Bankruptcy Rule 1007(c) and Local Rule 1007-1(b) for an Additional Extension of Time to File Schedules of Assets and Liabilities, Schedules of Executory Contracts and Unexpired Leases, and Statement of Financial Affairs (10/19/2006) |
| 191 | Order Establishing Procedures for Interim Compensation and Reimbursement of Chapter 11 Professionals and Committee Members (10/26/2006) |
| 193 | Interim Order Regarding Creditor Access to Information and Setting and Fixing Creditor Information Sharing Procedures and Protocols Under 11 U.S.C. §§ 105(a), 1102(b)(3) and 1103(c) (10/26/2006) |
| 236 | Objection of the United States Trustee to the Debtors' Motion Pursuant to Bankruptcy Rule 1007(c) and Local Rule 1007-1(b) for an Additional Extension of Time to File Schedules of Assets and Liabilities, Schedules of Executory Contracts and Unexpired Leases, and Statements of Financial Affairs (Docket Entry #131) (11/2/2006) |
| 262 | Order Pursuant to Bankruptcy Rule 1007(c) and Local Rule 1007-1(b) Granting an Additional Extension of Time to File Schedules of Assets and Liabilities, Schedules of Executory Contracts and Unexpired Leases, and Statements of Financial Affairs |

|  |  |
|---|---|
|  | (11/7/2006) |
| 323 | Debtors' Emergency Motion to Approve Certain Heat Recovery Steam Generation Completion Agreements (11/15/2006) |
| 371 | Order Granting Debtors' Emergency Motion to (I) Supplement and Clarify the Amended Wind Down Order to Allow the Debtors to Enter into Certain HRSG Completion Agreements and (II) Approve Procedures for the Assumption and Assignment of Executory Contracts Relating to HRSG Projects (11/21/2006) |
| 393 | Schedules (11/27/2006) (Schedule G omitted) |
| 625 | Debtors' Monthly Operating Report, for October, 2006 (1/8/2007) |
| 962 | Notice of Filing of Amendment to Schedule "G" of Schedule of Assets and Liabilities for Deltak, L.L.C. (3/23/2007) |
| 963 | Notice of Filing of Amendment to Schedule "F" of Schedule of Assets and Liabilities for Global Power Equipment Group Inc. (3/23/2007) |
| 1826 | Affidavit of Gregory Tardanico (10/16/2007) |
| 1827 | Affidavit of Patrick P. Dinardo (10/16/2007) |
| 1912 | Excerpt from Disclosure Statement Relating to the First Amended Joint Chapter 11 Plan of Reorganization for Global Power Equipment Group Inc. and its Affiliated Debtors *(Section V (Certain Affiliate Transactions))* (10/31/2007) |
| 1960 | Debtors' Response to First Set of Interrogatories by Claimant SNC-Lavalin Power Ontario, Inc. to Debtors Global Power Equipment Group Inc., et al. (11/7/2007) |
| 2014<br>2017<br>(Amended) | Supplement to Debtors' Responses to First Set of Interrogatories by Claimant SNC-Lavalin Power Ontario, Inc. to Global Power Equipment Group Inc., et al. (11/16/2007) |
| 2118 | Debtors' Responses to Second Set of Interrogatories by Claimant SNC-Lavalin Power Ontario, Inc. to Debtors (12/3/2007) |
| 2185 | Objection of SNC-Lavalin Power Ontario, Inc. to Confirmation of the First Amended Joint Chapter 11 Plan of Reorganization for Global Power Equipment Group Inc. and Its Affiliated Debtors (12/13/07) |
| 2209 | Supplemental Objection of SNC-Lavalin Power Ontario, Inc. to Confirmation of the First Amended Joint Chapter 11 Plan of Reorganization for Global Power Equipment Group Inc. and Its Affiliated Debtors (12/19/07) |

2236 Order Confirming the First Amended Joint Chapter 11 Plan of Reorganization for Global Power Equipment Group, Inc. and its Affiliated Debtors, entered on December 21, 2007.

2237 Transcript of Hearing on the Estate Parties' objections to Proofs of Claim Nos. 1099 and 1100 filed by SNC (December 14, 2007).

2240 Notice of Appeal (dated December 27, 2007).

 Transcript of Hearing on the Estate Parties' objections to Proofs of Claim Nos. 1099 and 1100 filed by SNC (December 17, 2007).

 Transcript of Hearing on Confirmation of the First Amended Joint Chapter 11 Plan of Reorganization (December 20, 2007)

2249 Clerk's Notice Regarding Filing of Appeal (1/4/2008).

## II. Trial Exhibits
## (as filed with the Bankruptcy Court on December 12-13, 2007)
## (SNC Binders I-V)

A. Affidavit of Gilles Laramee, dated December 12, 2007

 Ex. A: Purchase Order No. 59000010

 Ex. B: PR Newswire Article, dated September 28, 2006

 Ex. C: Letter from Jacques Lamarre to Larry Edwards, dated October 20, 2006

 Ex. D: Letter from Patrick Dinardo to Jeffrey Sabin, dated October 30, 2006

 Ex. E: Letter from Jeffrey Sabin to Patrick Dinardo, dated November 4, 2006

 Ex. F: Global Notes and Statement of Limitations, Methodology, and Disclaimer Regarding Debtor's Schedules and Statements

 Ex. G: Completion Agreement, dated November 30, 2006

 Ex. H: E-Mail from John Franks to Timothy Sambrano, dated November 8, 2006

 Ex. I: E-Mail from John Franks to Elayna Conner, dated March 15, 2007

 Ex. J: Historic GPEG Net Activity: GPEG I/C Cash Account Activity

B. Second Affidavit of Gregory Tardanico, dated December 12, 2007

    Ex. 1: Handwritten Notes, dated January 24 and 26

    Ex. 2: E-Mail from Bob Black to Jack Terranova and Daniel Girard, dated September 14, 2006

    Ex. 3: E-Mail from Jack Terranova to Scott Neumeister, dated September 20, 2006

    Ex. 4: E-Mail from Greg Tarandico to Jack Terranova and Bob Black, dated September 25, 2006

    Ex. 5: E-Mail from Jack Terranova to David Lund, dated October 10, 2006

C. Affidavit of Martin Tollefson, dated December 12, 2007

    Ex. 1: Relevant Portions of the Completion Agreement

D. Affidavit of Stephen Darr, dated December 11, 1007

    Ex. A: Cirriculum Vita of Stephen B. Darr

    Ex. B: Report of Stephen B. Darr

    Ex. C: E-Mail from John Franks to Elayna Conner, dated March 15, 2007

E. Affidavit of Roger P. Bridges, dated December 12, 2007

F. SNC's Designation of the Deposition of Larry Edwards, including Edwards Deposition Exhibits ("LDE") 1 and 2:

    LDE 1    Global Power Equipment Group Inc. Minutes of the Special Meeting of the Board of Directors, dated June 27, 2006

    LDE 2    Global Power Equipment Group Inc. Minutes of the Special Meeting of the Board of Directors, dated August 29, 2006

G. SNC's Designation of Deposition of James P. Wilson, including Wilson Deposition Exhibits ("WDE") 1-13:

    WDE 1    Confidential GPEG Intercompany Account Reconciliations (After Interest and Admin Allocation), dated September 30, 2006

    WDE 2    Declaration Concerning Debtor's Schedules, dated November 20, 2006, signed by James P. Wilson, Officer (Deltak)

    WDE    Email Memorandum from Steven D. Pohl to Diane Sitkowski, dated November 22,

| | |
|---|---|
| 3 | 2006 at 9:51 a.m., re: 7/31/06 Intercompany Reconciliation, attaching email of Keoni McGill (White & Case) to Yoon Song, dated November 15, 2006 |
| WDE 4 | Confidential email from Jay Bradford to M. Hanson, dated November 5, 2006, at 2:52 p.m. re: I/C Reporting and Williams Bonding |
| WDE 5 | Confidential emails to/from John Cunningham, dated October 18-19, 2006 |
| WDE 6 | Confidential GPEG Balance Sheet, dated September 30, 2006 |
| WDE 7 | Summary of Schedules filed by Deltak LLC in U.S. Bankruptcy Court/District of Delaware (Subject to Global Notes and Specific Notes to these Schedules) |
| WDE 8 | Global Notes and Statements of Limitations, Methodology, and Disclaimer Regarding Debtor's Schedules and Statements, filed by Deltak LLC in U.S. Bankruptcy Court/District of Delaware |
| WDE 9 | Confidential GPEG Inter-Company Cash Account Summary, prepared by Alvarez & Marsal, dated March 16, 2007 |
| WDE 10 | Confidential email from Ron Sepiol to Jack Terranova, dated January 18, 2006 at 8:35 p.m. re: 5976- SNC/Goreway Outstanding Commercial Issues Response |
| WDE 11 | Email from Ron Sepiol to Jack Terranova, dated January 18, 2006 at 7:35 p.m., re: 5976-SNC/Goreway Outstanding Commercial Issues Response |
| WDE 12 | Change Order No. 1 to Purchase Order No. 59000010, dated February 23, 2006 and (Purchase Order No. 59000010 between SNC and Deltak, dated January 26, 2006) |
| WDE 13 | Agreement titled PARENT COMPANY GUARANTEE to Maasvlakte Energie B.V. given and delivered by Global Power Equipment Group, Inc. and dated January 13, 2005 |

H. SNC's Designation of Monte Ness's Deposition Transcript, including Ness Deposition Exhibits ("<u>NDE</u>") 1-15:

| | |
|---|---|
| NDE 1 | Change Order No. 1 to Purchase Order No. 59000010, dated February 23, 2006 and (Purchase Order No. 59000010 between SNC and Deltak, dated January 26, 2006) |
| NDE 2 | Email from John Davies to Jack Terranova, dated January 17, 2006 at 6:17 p.m., with attached Deltak Commercial Proposal No. 5976-7, dated January 12, 2006 |
| NDE 3 | Email from Victor Ferris to Ron Sepiol, dated January 18, 2007 at 9:07 p.m., re: 5976-SNC/Goreway Outstanding Commercial Issues Response, attaching email from Ron Sepiol to Jack Terranova, dated January 18, 2006 at 7:35 p.m., re: 5976-SNC/Goreway Outstanding Commercial Issues Response |

NDE 4   Email from Carol Kollodge to Jeff Ehm, dated September 12, 2006 at 5:43 p.m., with attached Deltak Parental Guarantees List of 6.13.06

NDE 5   *GP Investor Relations* Press Release:
"Global Power Equipment Group Inc. Expects to Restate Fiscal 2004 and Quarterly 2005 Results Due to Misreported Gross Profit on Two Completed Projects in China and Provides Preliminary Fourth Quarter Earnings Estimate"

NDE 6   Completion Agreement (Execution Copy), dated November 30, 2006

NDE 7   Direct Payment Agreement, dated November 22, 2206, between SNC-Lavalin Power Ontario Inc., Deltak LLC, and Deltak Power Equipment China Co., Ltd.

NDE 8   Email from Greg Tardanico to Tom Edgar, Monte Ness and Edmund Tan, dated January 17, 2007 at 6:25 p.m. re" DPEC payment methodology for Goreway Module Shipments

NDE 9   Purchase Order, dated November 2, 2006, between Deltak LLC and Deltak Power Equipment China

NDE 10   Letter dated February 15, 2007, from Greg Tardanico, VP of Procurement/Contracts (SNC) to Monte Ness, President (Deltak) re: SNC-Lavalin Power Ontario, Inc./Deltak LLC Completion Agreement—Sithe Global Power Goreway ULC Project, attaching email from Monte Ness to Edmund Tan, Liu Xiaosong, Yanjinlan, dated February 2, 2007, at 1:33 p.m. re: Payment on SNC Goreway

NDE 11   Letter dated February 20, 2007, from Mike Ranz to Monte Ness, President (Deltak), re: SNC-Lavalin Power Ontario, Inc./Deltak LLC Completion Agreement—Sithe Global Power Goreway ULC Project

NDE 12   Qualcon, Inc. Technical Report, dated February 8-9, 2007 re: Material Failure Analysis; SA210-C Fin Tubes

NDE 13   Deltak Report, dated February 18, 2007, re: Rejection and replacement of four tubes during shop hydro test at Deltak Power Equipment China, attaching (i) materials Evaluation and Engineering, Inc. Laboratory Report, dated February 15, 2007, re: Evaluation of Four Heat Exchanger Tube Sections; and (ii) Report on the Leaking Tubes of G06003

NDE 14   Agreement Letter (Translated Copy) from Jiangxi Hongdu Steel Works to Deltak Power Equipment (China) Co., Ltd., dated December 30, 2006, translated January 26, 2007

NDE 15   Handwritten notes [of Greg Tardanico], dated January 24-26, [2006].

I. SNC's Designation of Michael Hanson's Deposition Transcript, including Hanson Deposition Exhibits ("HDE") 1-10:

   HDE 1   Disclosure Statement Relating to the First Amended Joint Chapter 11 Plan of Reorganization for Global Power Equipment Group Inc. and its Affiliated Debtors, dated October 30, 2007

   HDE 2   Confidential GPEG Intercompany Account Reconciliations (After Interest and Admin Allocation), dated September 30, 2006

   HDE 3   Confidential GPEG Balance Sheet, dated September 30, 2006

   HDE 4   Confidential GPEG Inter-Company Cash Account Summary, dated March 16, 2007

   HDE 5   Confidential Letter from Donald Harer, Sr. Director (Alvarez & Marsal) to Frank Eaton (White & Case LLP), dated March 15, 2007

   HDE 6   Global Notes and Statements of Limitations, Methodology, and Disclaimer Regarding Debtor's Schedules and Statements, dated November 27, 2006

   HDE 7   GPEG MONTHLY OPERATING REPORT, dated October, 2006, filed with the U.S. Bankruptcy Court/District of Delaware on January 8, 2007 and signed by Michael Hanson, CFO of Debtor

   HDE 8   *GP Investor Relations* Press Release: "Global Power Equipment Group Inc. Files Voluntary Chapter 11 Reorganization," dated September 28, 2006

   HDE 9   *Global Power Equipment Group 2004 Annual Report* (pp. 1, 12, 23, 27-28)

   HDE 10  Email Memorandum from Steven D. Pohl to Diane Sitkowski, dated November 22, 2006 at 9:51 a.m., re: 7/31/06 Intercompany Reconciliation, attaching email of Keoni McGill (White & Case) to Yoon Song, dated November 15, 2006

J. SNC's Designation of the Deposition of Candice Cheeseman, including Cheeseman Deposition Exhibits ("CDE") 1-4:

   CDE 1   Notice of Deposition Pursuant to Fed. R. Civ. P. 30(b)(6) and Fed. R. Bankr. P. 7030(b)(6), dated November 27, 2007

   CDE 2   Email from Kate Sallie to Bill Sullivan, dated December 7, 2007, containing: (i) Global Power Equipment Group Inc. Memorandum of Action of the Audit Committee of the Board of Directors, dated March 31, 2006; (ii) Global Power Equipment Group Inc. Minutes of the Special Meeting of the Audit Committee of the Board of Directors, dated March 26, 2006; (iii) Global Power Equipment Group Inc. Minutes of the Meeting of the Audit Committee of the Board of Directors, dated May

3, 2006; (iv) Global Power Equipment Group Inc. Minutes of the Special Meeting of the Board of Directors, dated June 27, 2006; (v) Global Power Equipment Group Inc. Minutes of the Special Meeting of the Audit Committee of the Board of Directors, dated June 27, 2006; (vi) Global Power Equipment Group Inc. Minutes of the Special Meeting of the Board of Directors, dated July 20, 2006; (vii) Memorandum to File, from Candice Cheeseman, dated March 27, 2006 re: Board Call

CDE 2A — Global Power Equipment Group Inc. Minutes of the Special Meeting of the Audit Committee of the Board of Directors, dated June 27, 2006

CDE 3 — Affidavit of Candice Cheeseman, General Counsel and Secretary of the Debtors, dated October [29], 2007

CDE 4 — Amended Affidavit of Candice Cheeseman, General Counsel and Secretary of the Debtors, dated October [29], 2007

**K.** SNC's Designation of the Deposition of Mardi DeVerges (no Exhibits)

**L.** John Franks Deposition Exhibits ("FrEx") 3-11:

FrEx 3 — Alix Partners Agreement for Bankruptcy Administration Services, dated September 15, 2006

FrEx 4 — e-mail correspondence from Timothy Sambrano to John Franks dated October 23, 2006 re: intercompany balances

FrEx 5 — GPEG, Inc. Intercompany Detail. Source: 8/31/2006 Trial Balances

FrEx 6 — Global Notes and Statement of Limitations, Methodology, and Disclaimer Regarding Debtor's Schedules and Statements

FrEx 7 — e-mail correspondence from John Franks to Timothy Sambrano dated November 8, 2006 re: Summary Report

FrEx 8 — e-mail correspondence from John Franks to Dalton Ryan dated November 10, 2006

FrEx 9 — e-mail correspondence from John Franks to Meade Monger, dated March 14, 2007 re: GPEG Claims Call This Week

FrEx 10 — e-mail correspondence from John Franks to Meade Monger, dated March 14, 2007 re: Intercompany

FrEx 11 — e-mail correspondence from John Franks to Elayna Conner, dated March 15, 2007 re: Braden Europe Claims

**M.** Robert Caruso Exhibits ("CaEx"):

| | |
|---|---|
| CaEx 3 | e-mail correspondence from John Cunningham to David Hillman, dated November 16, 2006 |
| CaEx 5 | e-mail correspondence from Jay Bradford to Brent Williams et al re : Pre-Petition Intercompany Summary, dated January 15, 2007 |

N. Affidavit of Paul Summit Documents ("SumEx") A-G:

| | |
|---|---|
| Sum Ex A | e-mail from Kevin McGill to Thomas Kiriakos et al dated November 14, 2006 |
| Sum Ex B | e-mail from Brian Lavarnway to Robert Caruso dated October 13, 2006 |
| Sum Ex C | e-mail from Curtis Weidler to Matthew Brown dated November 2, 2006 |
| Sum Ex D | e-mail from Jeffrey Sabin to Kevin McGill et al, dated November 3, 2006 |
| Sum Ex E | e-mail from David Hillman to Gerard Uzzi et al, dated November 3, 2006 |
| Sum Ex F | e-mail from John Madden to Gerard Uzzi, dated November 3, 2006 |
| Sum Ex G | e-mail from John Franks to Timothy Sambrano, dated November 8, 2006 |

O. Affidavit of Patrick P. Dinardo Exhibits A-F:

| | |
|---|---|
| Ex. A | Summary of Schedules |
| Ex. B | Excerpt from proposed Disclosure Statement, filed September 10, 2007 |
| Ex. C | GPEG MOR 3 - Inter-Company Balances Listing at October 31, 2006 |
| Ex. D | Letter from Jeffrey Sabin to Patrick Dinardo, dated November 4, 2006 |
| Ex. E | Direct Payment Agreement, dated November 22, 2006 |
| Ex. F | PR Newswire Article, dated September 28, 2006 |

### ISSUES PRESENTED ON APPEAL

1. Did the Bankruptcy Court err in confirming the Plan over the objections of SNC?

2. In particular, did the Bankruptcy Court err as a matter of law in concluding that the Plan and the Debtors (as Plan proponents) complied with applicable provisions of title 11 of

the United States Code, and that the Plan was proposed in good faith by means not forbidden by law, notwithstanding SNC's persuasive proofs of the Debtors' bad faith or willful misconduct – including, but not limited to, misrepresentations and/or fraudulent omissions, misleading partial disclosures and other breaches of fiduciary duty, in fraudulently inducing SNC and other creditors to waive rejection damages claims against Deltak?

        3.     Did the Bankruptcy Court err as a matter of law in confirming a Plan predicated upon a "settlement" of claims owed by GPEG to Deltak that wiped out $182 million in inter-company debt for not more than $34 million, which benefited shareholders of GPEG to the detriment of creditors of its subsidiaries, including Deltak, who dealt with the Debtors as stand-alone entities, thereby effectuating a substantive consolidation contrary to law?  See In re Owens Corning, 419 F.3d 195 (3rd Cir. 2005).

        4.     Did the Bankruptcy Court err as a matter of law in failing to apply binding Third Circuit precedent to conclude that the Debtors' failure to disclose to creditors approximately $182 million in inter-company cash obligations owed by GPEG to Deltak, while inducing those creditors to waive claims against Deltak, constituted bad faith?  See Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. General Motors Corp., 337 F.3d 314, 325 (3rd Cir. 2003) (a debtor's failure to disclose an asset constitutes bad faith because "nondisclosures affect creditors' willingness to negotiate their claims and enhance the debtor's bargaining position by making the pot that creditors look to for recovery appear smaller than it really is").

        5.     Did the Bankruptcy Court err as a matter of law in confirming a Plan that by its terms was not fair and equitable, in that it limited recovery by Deltak Class 5 unsecured claims to a pool of funds totaling not more than $34 million, while leaving equity interests unimpaired?

6. Did the Bankruptcy Court err in failing to allow SNC's claim against Deltak in the claimed amount of at least $55,179,700, and consequently failing to consider (i) whether Deltak Class 5 unsecured claims had rejected the Plan and, in turn, (ii) whether, by reason of the "absolute priority rule" imposed by 11 U.S.C. § 1129(b)(ii)(B), the Plan could not be confirmed over the rejection of Deltak Class 5 claims where, as here, equity interests in Deltak were unimpaired?

7. Did the Bankruptcy Court err in disallowing SNC's claim against GPEG and consequently failing to consider whether the claim, asserted in the amount of at least $55,179,700, by increasing GPEG Class 3 claims by a factor of more than six, caused the Plan to fail to satisfy the feasibility requirement set forth in 11 U.S.C. § 1129(a)(11)?

Dated: January 7, 2008
       Wilmington, Delaware

WILLIAM D. SULLIVAN, LLC

Signed: */s/ William D. Sullivan*

William D. Sullivan (No. 2820)
Elihu E. Allinson, III (No. 3476)
4 East 8th Street, Suite 400
Wilmington, DE 19801
(302) 428-8191

Patrick P. Dinardo
Paul E. Summit
Pamela Smith Holleman
SULLIVAN & WORCESTER LLP
One Post Office Square
Boston, MA 02109
(617) 338-2800

Attorneys for Appellant, SNC-Lavalin Power Ontario, Inc.